UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESUS ELDON ARAGON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD DALTON, an individual; JOSHUA CURTIS, an individual; and DOES 1 – 10,<br><br>Defendants. | REPORT AND RECOMMENDATION TO GRANT MOTION TO AMEND COMPLAINT (DOC. NO. 64) AND MOTION TO DISMISS (DOC. NO. 51)<br><br>Case No. 2:18-cv-00620-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a Motion to Amend Complaint ("Mot. to Amend," Doc. No. 64) filed by Plaintiff Jesus Eldon Aragon and a Motion to Dismiss the Claims Against Defendants ("Mot. to Dismiss," Doc. No. 51) filed by Defendants Officer Edward Dalton and Officer Joshua Curtis. The court heard argument on both motions on November 3, 2020.[1] (Doc. No. 72.) Before this hearing, the court gave notice to the parties to be prepared to argue whether the dismissal motion should be converted to a motion for summary judgment in light of the supplemental documents filed with the motion, opposition, and reply. (Doc. No. 60.) At the hearing, both parties agreed with the court that the dismissal motion should be converted to a motion for summary judgment. (Doc. No. 72.) As explained more fully below, the undersigned RECOMMENDS the district judge GRANT Mr. Aragon's motion to amend to allow Mr. Aragon to assert his claims against the correct officer defendants. The undersigned further RECOMMENDS the district

---

[1] On May 28, 2019, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 16.) On May 15, 2020, this case was reassigned to the undersigned magistrate judge. (Doc. No. 54.)

1

judge GRANT the motion to dismiss, which is properly converted to a motion for summary judgment.

## BACKGROUND

Mr. Aragon's allegations arise from a 2014 incident resulting in his arrest. In his amended complaint, Mr. Aragon alleges that on or about April 29, 2014, police officers from the Tooele City Police Department falsely accused him of burglarizing his residence. (Am. Compl. ¶¶ 8, 10–12, 15–16, Doc. No. 45.) Mr. Aragon contends he invited these police officers into his residence to discuss the situation, but they declined. (*Id.* ¶ 16.) Thereafter, Mr. Aragon felt threatened by the police presence and climbed into the attic, at which point officers entered the residence. (*Id.* ¶¶ 18–19.) Mr. Aragon alleges two of these officers were Officers Dalton and Curtis. (*Id.* ¶ 19.)

Ultimately, Mr. Aragon fell through the attic ceiling, moved into a bathroom, and laid in the bathtub to spray water on his face to remove insulation from his eyes. (*Id.* ¶¶ 21–23.) Mr. Aragon alleges police officers broke down the bathroom door, further impaired his vision using a smoke grenade or pepper spray device, and pressed a police shield on top of his body while he remained lying in the bathtub. (*Id.* ¶¶ 24–25.) According to Mr. Aragon, police officers then repeatedly punched him in the face while he was not resisting and unable to move. (*Id.* ¶ 26.) Mr. Aragon alleges a police report submitted in a separate state court proceeding proves Officer Dalton and Officer Curtis were at the residence on the date of the incident. (*Id.* ¶ 27.) Accordingly, Mr. Aragon brought this action against Officers Dalton and Curtis, pursuant to 42 U.S.C. § 1983, for using unreasonable and excessive force while acting under color of state law. (*Id.* ¶¶ 35–46.)

Officers Dalton and Curtis filed a motion to dismiss, arguing in relevant part that Mr. Aragon sued the wrong officers, as neither officer was present during Mr. Aragon's arrest as described in Mr. Aragon's complaint. (Mot. to Dismiss 2, Doc. No. 51.) According to Officers Dalton and Curtis, Mr. Aragon was arrested for trespassing on two consecutive days: April 29, 2014 and April 30, 2014. (Reply Mem. in Support of Mot. to Dismiss Claims Against Defs. ("Reply Mot. to Dismiss") 2, Doc. No. 59.) While the state-court documents establish Officers Dalton and Curtis were present at the April 29 arrest of Mr. Aragon, the officers point out that the April 30 arrest tracks the factual allegations as set out in Mr. Aragon's amended complaint, not the April 29 arrest. (*Id*. at 2–3.) As argued by the officers, neither Officer Dalton nor Officer Curtis were involved in or present at the April 30 arrest of Mr. Aragon. (*Id*. at 3.)

Upon learning this from the pleadings, Mr. Aragon sought leave to amend his complaint to remove Officers Dalton and Curtis from the action and to instead name Officers Lonnie Collings and Brian Danielson—the officers he now alleges were present at the April 30, 2014 arrest involving the events described in his complaint. (Mot. to Amend 2, Doc. No. 64.) Because Mr. Aragon's concession regarding Officers Dalton and Curtis' involvement in the arrest at issue is in his motion to amend, and this concession materially affects the motion to dismiss, the motion to amend is addressed first.

I. **MOTION TO AMEND**

A. Legal Standard

Under the Federal Rules of Civil Procedure, after expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id*. A district court's decision to grant or deny leave to

3

amend under Rule 15 falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The purpose of this approach is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).

Futility may justify the denial of a motion to amend. *Lockheed Martin Corp.*, 558 F.3d at 1166. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal quotation marks omitted). In other words, a motion to amend is only futile if "the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief." *Home Design Servs. v. Bohnenkamp Constr., Inc.*, No. 08-cv-02391, 2009 U.S. Dist. LEXIS 64047, at *2–3 (D. Colo. July 10, 2009) (unpublished). "Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id*. at *3 (alternations in original) (internal quotation marks omitted). It is within the court's discretion "to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. FTC*, No. 2:19-cv-00963, 2020 U.S. Dist. LEXIS 129574, at *7 (D. Utah July 21, 2020) (unpublished); *see also Home Design Servs.*, 2009 U.S. Dist. LEXIS 64047, at *3

(granting motion to amend and noting the issues raised by defendants would be more appropriately resolved at other procedural junctures rather than denying plaintiff the opportunity to assert the claims).

### B. Analysis

Mr. Aragon conceded at the November 3 hearing that the named defendants—Officers Dalton and Curtis—were not the officers involved in the arrest described in his complaint. (*See also* Mot. to Amend 2, Doc. No. 64.) Accordingly, he seeks to amend his complaint to instead name Officers Lonnie Collings and Brian Danielson, who he now alleges were the actual officers involved. Officers Dalton and Curtis argue Mr. Aragon's motion to amend should be denied as futile because, even if he had named the proper defendants, the statute of limitations had run before Mr. Aragon filed his original complaint.[2] (Defs.' Mem. in Opp'n to Pl.'s Mot. to Amend Compl. ("Opp'n to Amend") 2, Doc. No. 69.) Mr. Aragon responds that the amendment is not futile because the statute of limitations is subject to tolling due to his alleged mental incapacity, either pursuant to Utah statute, or equitable tolling or, alternatively, to his original pro se status. (Pl.'s Reply Mem. in Support of Pl.'s Mot. to Amend Compl. ("Reply to Mot. to Amend") 2, Doc. No. 71.)

In § 1983 actions, federal law controls when the claim accrues and when the statute of limitations period begins to run. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). A § 1983 action "accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks

---

[2] Officers Dalton and Curtis base their opposition solely on futility. They do not allege undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice.

omitted). However, state law dictates the applicable statute of limitations and related tolling provisions. *Id.*

Here, Utah's four-year statute of limitations governs Mr. Aragon's claims. *Garza v. Burnett*, 2013 UT 66, ¶ 5, 321 P.3d 1104. As the defendants note, the acts alleged in the proposed amended complaint occurred more than six years before Mr. Aragon's motion to amend. (Opp'n to Amend 2, Doc. No. 69.) And even if the new allegations related back to his original complaint, the complaint still falls several months outside the statute of limitations. (*Id.*)

However, the statute of limitations "may be tolled if the plaintiff is mentally incompetent at the time the cause of action accrues." *Fratus*, 49 F.3d at 675. Under Utah law, the statute of limitations "may not run" for a cause of action during the time a person is incompetent, Utah Code Ann. § 78B-2-108, so long as the incompetency "existed when the person's right of action accrued," *id*. § 78B-2-109. *See also Fratus*, 49 F.3d at 675. For purposes of this Utah statute, a plaintiff is mentally incompetent when "incapable of comprehending his or her legal rights, caring for his or her personal safety and providing for basic human needs such as food, shelter, and clothing." *Id*. at 675 n.2 (referring to statute as it was previously numbered).

Mr. Aragon argues his complaint should be tolled pursuant to Utah Code § 78B-2-108 and § 78B-2-109 because he was mentally incompetent at the time the cause of action accrued. (Reply to Mot. to Amend 2, 4, Doc. No. 71) In support of this claim, Mr. Aragon states he "consistently communicated to the court he is mentally incompetent," he struggles from symptoms "related to trauma and emotional shock," and his "condition has remained untreated." (*Id*. at 2–3.) Mr. Aragon also points to the police report, attached as Exhibit B to his reply, in which Officer Danielson states, among other things:

> [Mr. Aragon's] conversation inside the residence was completely irrational, and incoherent making absolutely no sense. [Mr. Aragon] stated he was Jesus Christ, and had

6

> been alive for over 2000 years. . . . [Mr. Aragon] again started rambling incoherently, his speech was extremely fast and almost impossible to understand. While [Mr. Aragon] spoke it seemed as if he [were] talking with two different people, answering his own questions and arguing with himself. . . .

(*Id*. at 3 (citing Ex. B, Doc. No. 71-2 at 10)).) As Mr. Aragon points out, Officer Collings also observed that Mr. Aragon "was not making any sense" and his "speech was laden with religious undertones as if he believed he was Jesus Christ." (*Id*.) Further, Mr. Aragon contends the police report from the arrest the day prior also shows Mr. Aragon's compromised mental status and distorted sense of reality.[3] (*Id*.)

At the November 3 hearing, Officers Dalton and Curtis argued Mr. Aragon failed to provide sufficient factual evidence of mental incapacity for tolling purposes. Officers Dalton and Curtis base their argument, in part, on the fact that Mr. Aragon has not alleged he was institutionalized and the fact that a separate state criminal proceeding found Mr. Aragon competent to stand trial with reasonable accommodations. (Doc. No. 72.)

At this stage, the court is simply deciding whether to grant a motion to amend. Mr. Aragon does not yet need to establish he will prevail on his amended complaint, and it would be premature for the court to make any factual findings. Mr. Aragon only needs to allege sufficient facts supporting his claim of mental incompetency at the time the cause of action accrued, such that tolling the statute of limitations may be appropriate. He has done this by alleging that even the police officers at the scene at the time the action accrued appeared to have grave concerns about his mental competency based on his behavior. If Mr. Aragon successfully proves these facts, he might overcome any challenge to the statute of limitations.

---

[3] As an aside, even this court has taken Mr. Aragon's apparent mental state into consideration. In the court's September 19, 2019 order, it granted Mr. Aragon's motions to appoint counsel citing "Mr. Aragon's brain injury, mental issues, and detention." (Order ¶ 1, Doc. No. 38.)

The defendants named in the amended complaint are free to argue, at the appropriate stage in the litigation, that Mr. Aragon was not mentally incompetent such that the statute of limitations should be tolled. However, such arguments are more appropriate for dispositive motions. At this stage, where it is not clear amendment would be futile, Mr. Aragon should be permitted to amend his complaint.[4]

### C. Conclusion

Where amendment of the complaint would not be futile, the undersigned RECOMMENDS the district judge GRANT Mr. Aragon's Motion to Amend the Complaint (Doc. No. 64) and ORDER Mr. Aragon to file an amended complaint against Officers Lonnie Collings and Brian Danielson that includes his allegations of mental incapacity.[5]

## II. MOTION TO DISMISS

As described above, Officers Curtis and Dalton moved to dismiss the complaint, in relevant part, because Mr. Aragon sued the wrong officers.[6] Officers Curtis and Dalton argue they could not have violated Mr. Aragon's constitutional rights where they were not present at, or involved in, the arrest forming the basis for his complaint. (Mot. to Dismiss 2, Doc. No. 51.)

---

[4] Where Mr. Aragon only needs to prevail on one ground to amend his complaint to name new defendants, the court does not address his other justifications.

[5] Mr. Aragon's allegations of mental incapacity appear in his briefing, not his proposed amended complaint. Given the full briefing on this issue, the interests of judicial economy, and the direction under Rule 15 of the Federal Rules of Civil Procedure that permission to amend must freely be given, the undersigned recommends Mr. Aragon be permitted to file an amended complaint which includes his allegations regarding his mental incapacity. *See* DUCivR 15-1(c) (noting the court may order amendment of a pleading in a different form than that which was proffered).

[6] Because it is undisputed that Mr. Aragon named the wrong defendants, the court does not address Officers Dalton and Curtis' additional arguments in support of dismissal.

### A. Legal Standard

Officers Dalton and Curtis filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Generally, when ruling on a motion to dismiss the court cannot "not look beyond the confines of the complaint itself." *Bell v. Fur Breeders Agric. Co-op.*, 348 F.3d 1224, 1230 (10th Cir. 2003) (internal quotation marks omitted). However, when a party submits evidence going beyond the complaint and it is not excluded by the court, the court must convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). Before doing so, the court must provide notice to the parties "so that all factual allegations may be met with countervailing evidence." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005); *see also* Fed. R. Civ. P. 12(d).

In support of their dismissal motion, Officers Dalton and Curtis presented evidence going beyond the confines of the complaint: affidavits asserting they were not involved in Mr. Aragon's arrest. (*See* Exs. A–B to Mot. to Dismiss, Doc. Nos. 51-1–51-2.) Mr. Aragon also submitted evidence beyond the complaint: a police information sheet, an amended police information sheet, and discovery responses in a state court proceeding. (*See* Exs. 1–3 to Opp'n to Mot. to Dismiss Pl.'s Compl. Pursuant to Rule 12(b)(6) ("Opp'n to Mot. to Dismiss"), Doc. Nos. 56-1–56-3.) Mr. Aragon argues the officers' affidavits convert the motion to dismiss into a motion for summary judgment. (Opp'n to Mot. to Dismiss 2, 5, Doc. No. 56.) The court provided notice to the parties of this issue and asked counsel to be prepared to discuss it at oral argument. (Notice of Zoom Hr'g on Mot., Doc. No. 60.) At the hearing, Officers Dalton and Curtis agreed that based on the additional evidence provided, their motion to dismiss should be converted to a motion for summary judgment. (Doc. No. 72.) Therefore, the court reviews the motion as a motion for summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted). On a motion for summary judgment, in contrast to a motion to dismiss, the court may analyze evidence outside the complaint, such as the record, depositions, affidavits, and interrogatory answers. Fed. R. Civ. P. 56(c)(1)(A).

### B. Analysis

Mr. Aragon asserts a claim of excessive force pursuant to 42 U.S.C. § 1983 against Officers Dalton and Curtis based on the actions that occurred during the arrest as described in his complaint. To prove an excessive force claim, "a plaintiff must show: (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional." *United States v. Rodella*, 804 F.3d 1317, 1327 (10th Cir. 2015) (quoting *Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007)).

Officers Dalton and Curtis provided affidavits stating under oath that they were not involved in the arrest described in the complaint. (Exs. A–B to Mot. to Dismiss., Doc. Nos. 51-1–51-2.) At the November 3 hearing and in their briefing, Officers Dalton and Curtis argued the arrest forming the basis for Mr. Aragon's complaint is the April 30, 2014 arrest. (Reply Mot. to Dismiss 2–3, Doc. No. 59.) Mr. Aragon conceded this. (Mot. to Amend 2, Doc. No. 64.) All parties agreed at the hearing that Officers Dalton and Curtis were not involved in this April 30

arrest.[7] Accordingly, neither Officer Dalton nor Curtis could have used excessive force against Mr. Aragon at the time of this arrest, and Officers Dalton and Curtis are entitled to judgment as a matter of law.

### C. Conclusion

Based on a review of the pleadings and counsel's arguments, there are no materially disputed facts as to Mr. Aragon's claims against Officers Dalton and Curtis, and Officers Dalton and Curtis are entitled to judgment as a matter of law. Accordingly, the undersigned RECOMMENDS the district judge GRANT Officer Dalton and Officer Curtis' motion for summary judgment (Doc. No. 51).

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge GRANT Mr. Aragon's Motion to Amend (Doc. No. 64) and RECOMMENDS the district judge GRANT Officer Dalton and Officer Curtis' motion for summary judgment (Doc. No. 51). The court will send copies of this Report and Recommendation to all parties, who the court hereby notifies of their right to object to the same. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The

---

[7] The officers' affidavits are inconsistent with their reply brief as to the relevant date. In their affidavits, Officers Dalton and Curtis state they were not involved in Mr. Aragon's April 29, 2014 arrest. (Exs. A–B to Mot. to Dismiss, Doc. Nos. 51-1–51-2.) However, in their reply, they contend, "[t]he April 29, 2014 arrest involved the Plaintiff, Officer Dalton, and Officer Curtis but it did not involve any use of force. . . . The next day, Plaintiff was arrested again for trespassing, but this time Officer Dalton and Officer Curtis were *not* involved." (Reply Mot. to Dismiss 3, Doc. No. 59 (emphasis added).) The police report offered in support of the defendants' motion also shows Officers Dalton and Curtis were not involved in the April 30 arrest. (*See* Ex. B to Reply to Mot. to Dismiss, Doc No. 59-2.) Coupling this with the parties' agreement at hearing that neither Officer Dalton nor Officer Curtis were involved in the August 30, 2014 arrest which forms the basis for the complaint, this inconsistency is immaterial.

11

parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of January, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge