UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESUS ELDON ARAGON,<br><br>          Plaintiff,<br><br>v.<br><br>LONNIE COLLINGS, an individual, BRIAN DANIELSON, an individual, and DOES 1-10.,<br><br>          Defendants. | **REPORT AND RECOMMENDATION TO GRANT RULE 56(d) MOTION (DOC. NO. 92), AND DENY WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT (DOC. NO. 87)**<br><br>Case No. 2:18-cv-00620<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

       Plaintiff Jesus Eldon Aragon brought a claim pursuant to 42 U.S.C. § 1983 against Defendants Officer Lonnie Collings and Officer Brian Danielson of the Tooele City Police Department. (Second Am. Compl., Doc. No. 80.) Mr. Aragon alleges Officers Collings and Danielson (and other unknown officers) used excessive force while arresting him on April 30, 2014, in violation of his Fourth and Fourteenth Amendment rights. (*Id.*)

       Before the court is Officers Collings and Danielson's Motion for Summary Judgment, ("Mot.," Doc. No. 87), and Mr. Aragon's responsive Rule 56(d) motion, (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summary J. ("56(d) Mot."), Doc. No. 92). The court held a hearing on these motions on January 25, 2022. (Doc. No. 97.) Because Mr. Aragon has established he cannot present facts essential to justify his opposition to the motion for summary judgment without additional discovery, the undersigned[1] recommends the district judge grant Mr. Aragon's Rule

---

[1] On May 28, 2019, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 16.) On May 15, 2020, the case was reassigned to the undersigned magistrate judge. (Doc. No. 54.)

56(d) motion and deny without prejudice Officers Collings and Danielson's motion for summary judgment.

BACKGROUND

Mr. Aragon's Amended Complaint alleges a single claim: use of excessive force. (Second Am. Compl., Doc. No. 80.) Mr. Aragon claims Officers Collings and Danielson used excessive force during his April 30, 2014 arrest in violation of his Fourth and Fourteenth Amendment rights. (*Id.* ¶ 50.) Officers Collings and Danielson, relying on bodycam recordings, argue they are entitled to summary judgment because the undisputed material facts show they did not use excessive force. (Mot. 1–2, Doc. No. 87.) They further allege they are entitled to summary judgment on qualified immunity grounds even if they did use excessive force. (*Id.* at 2.)

Mr. Aragon opposes the motion, asserting that the bodycam recordings establish the officers did use excessive force—or, at the very least, its ambiguity creates materially disputed facts. (56(d) Mot. 2, Doc. No. 92.) In his opposition, Mr. Aragon also raises a Rule 56(d) motion, claiming he cannot present essential facts to justify his opposition. (*Id.* at 7–8.) He requests the motion for summary judgment be denied or deferred until he can do so.[2] (*Id.* at 18–19; Decl. of Amy McDonald in Supp. of Pl.'s Rule 56(d) Mot. to Deny or Defer Consideration of Defs.' Mot. for Summary J. ("McDonald Decl."), Doc. No. 93.)

---

[2] Mr. Aragon raises his Rule 56(d) motion in his opposition to the motion for summary judgment. The District of Utah's Local Rules of Civil Practice prohibit a party from raising a Rule 56(d) motion in a response to another motion. DUCivR 7-1(a)(3). The Rule 56(d) motion must be filed separately. *Id.* However, the Tenth Circuit heavily criticized a similar local rule in the District of Colorado, noting "[b]y any fair account, [such a rule is] just not 'consistent with' what the federal rules say." *Energy & Env't Legal Inst. v. Epel*, 793 F.3d 1169, 1176 (10th Cir. 2015); *see also* Fed. R. Civ. P. 56(d) (requiring a party to only file an affidavit or declaration). Accordingly, Mr. Aragon's Rule 56(d) motion, which is supported by a declaration, is procedurally proper notwithstanding the local rule.

LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure provides if the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment, the court can defer or deny the motion, or allow time for discovery. Fed. R. Civ. P. 56(d). The affidavit must "explain[] why facts precluding summary judgment cannot be presented," which requires the party "identify[] (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs, LTD.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted). When qualified immunity is raised as grounds for the summary judgment motion, "the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotation marks omitted).

The general principle of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[3] *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) (internal quotation marks omitted). Rule 56(d) "is designed to safeguard against a premature or

---

[3] The *Burke* court cites the prior Rule 56(f), which was replaced with Rule 56(d) in 2010. *See* Fed. R. Civ. 56 advisory committee's note to 2010 amendment. However, case law authority pertaining to the prior Rule 56(f) also applies to the current Rule 56(d). *Equal Emp. Opportunity Comm'n v. Moreland Auto Grp., LLLP*, 283 F.R.D. 627, 629 n.1 (D. Colo. 2012) (citing *Shayesteh v. Raty,* 404 F. App'x 298, 301–02 (10th Cir. 2010) (unpublished)).

improvident grant of summary judgment." *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).  Summary judgment motions filed prior to discovery "are rarely granted and are disfavored." *Holiday v. Progressive Ins.*, No. 2:21-cv-173, 2021 U.S. Dist. LEXIS 182621, at *2 (D. Utah Sep. 22, 2021) (unpublished).  Due to the "importance of discovery for all parties," pre-discovery summary judgment motions are "granted only in the clearest of cases." *Id.* (internal quotation marks omitted).  Although relief is not automatic, Rule 56(d) motions "should ordinarily be treated liberally." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 34 (10th Cir. 2021) (internal quotation marks omitted); *see also Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (noting Rule 56(d) motion should be treated liberally, unless they are meritless or dilatory).

## ANALYSIS

Mr. Aragon has met his burden to establish he cannot present facts essential to justify his opposition to the motion for summary judgment at this time.  At the time of filing, no discovery had taken place and the fact discovery period had not yet expired.  (McDonald Decl. ¶ 9, Doc. No. 93.)  Most notably, as stated in the Rule 56(d) motion and described more fully at the hearing, Mr. Aragon's mental competency is in question.  Until his counsel is able to have an expert assess him, Mr. Aragon cannot assist his counsel or present facts to support his opposition.  (Rule 56(d) Mot. 18, Doc. No. 92; *see also* McDonald Decl. ¶¶ 10(g), 12, Doc. No. 93.)  Counsel explained they will be unable to meaningfully conduct discovery, including asking Mr. Aragon sign an affidavit, until they have expert assistance.  At the hearing, Mr. Aragon's counsel indicated they intend to have Mr. Aragon examined, and they believe positive changes in their ability to effectively communicate with him—and his ability to support the opposition to the summary judgment motion—will result.  There is no doubt the inability to ascertain and

support Mr. Aragon's factual recount of the arrest significantly impacts and impedes his ability to oppose the motion for summary judgment. And an affidavit from Mr. Aragon could directly impact whether Officers Collings and Danielson are entitled to qualified immunity.[4]

Officers Collings and Danielson contend there is sufficient record evidence to render judgment on the case on the merits or on qualified immunity grounds even in the absence of discovery. (Reply Mem. Supporting Mot. for Summary J. 11, 15, Doc. No. 96.) They assert the doctrine of qualified immunity exists, in part, to avoid subjecting government officials to the costs and burdens of trial and broad-reaching discovery. (*Id.* at 11.) In support of their position, the officers rely exclusively on a bodycam recording of the arrest. Officers Collings and Danielson argue the recording clearly shows they did not engage in excessive force.[5] (Mot. 1–2, 16, Doc. No. 87.) But it is impossible, based solely on a review of the bodycam recording, to determine what happened during the arrest. (Ex. B, Doc. No. 87-2.) Numerous times throughout the recording, the camera is blocked by a police shield, the room is dark, and it is unclear who is visible on the camera. (*Id.*) During the final portion of the recording, the camera is positioned above Mr. Aragon, making it impossible to determine what is happening and where individuals

---

[4] Mr. Aragon's counsel also stated they need to conduct depositions of the involved officers and witnesses, as well as case experts. (McDonald Decl. ¶ 10, Doc. No. 93.) They need documents, including the policies and trainings from the Tooele City Police Department regarding arrests, use of force, and dealing with mentally incompetent individuals. (*Id.*) And they need discovery on whether the officers complied with policy and training, the extent of Mr. Aragon's injuries, and Mr. Aragon's account of the arrest. (*Id.* ¶ 11.) Lastly, at the hearing, Mr. Aragon's counsel noted that many of the officers in the recording were unidentified, including four officers which appear to be on or near Mr. Aragon at the time of arrest.

[5] For his part, Mr. Aragon argues the same recording establishes the officers did engage in excessive force—or is ambiguous, at the least. (Rule 56(d) Mot. 2, Doc. No. 92.)

are positioned. (*Id.*) These determinations impact the qualified immunity analysis—as will any facts Mr. Aragon might be able to offer in support of his opposition (once able to do so).[6]

Given the liberal treatment of Rule 56(d) motions, Mr. Aragon has met his burden to show he cannot present facts essential to his opposition to the motion for summary judgment at this time, warranting additional discovery.

### RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge grant Mr. Aragon's Rule 56(d) motion, (Doc. No. 92), and deny without prejudice Officers Collings and Danielson's motion for summary judgment, (Doc. No. 87). The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object to it. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection within fourteen (14) days. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of April, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[6] Not only has Mr. Aragon established he cannot present facts essential to his opposition, allowing discovery prior to ruling on qualified immunity in this instance, where the video is ambiguous, furthers the purposes behind the qualified immunity doctrine.